IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| IN RE: § | | |
| HUMBERTO SAENZ JR; fdba PIZZA § | CASE NO: 13-70423 | |
| PATRON INC; fdba ESTRELLA § | | |
| VENTURES, INC. DBA PIZZA PATRON; § | | |
| aka SAENZ; fdba ARMAR ENTERPRISES § | | |
| INC, *et al* § | | |
|     Debtor(s) § | | |
| § | CHAPTER 7 | |
| § | | |
| JOSE MARIA GOMEZ § | | |
|     Plaintiff(s) § | | |
| § | | |
| VS. § | ADVERSARY NO. 13-07024 | |
| § | | |
| HUMBERTO SAENZ JR, *et al* § | | |
|     Defendant(s) § | | |

## MEMORANDUM OPINION FOLLOWING LIMITED REMAND

On July 22, 2015, this Court issued a monetary judgment in favor of Jose Maria Gomez *et al* ("Appellees") in this adversary proceeding (Case No. 13-07024; ECF No. 102). Humberto Saenz, Jr., and Estrella Ventures, Inc. ("Appellants") filed a notice of appeal of this Court's judgment to the district court on August 5, 2015. (ECF No. 105). The district court ordered the case remanded to bankruptcy court for consideration of whether a bankruptcy court may issue a final judgment that liquidates a state law claim excepted from discharge in the underlying bankruptcy case. (ECF No. 112 at 1–2). On October 6, 2016, this Court ordered each party to file a brief addressing this issue of the Court's authority to enter a final judgment in this case. (ECF No. 116). The Court finds that it has the jurisdiction and constitutional authority to enter a final judgment liquidating a state law claim excepted from discharge. Even if this Court would not otherwise have the authority to enter a final judgment, the Court finds that Appellants impliedly consented to the Court's issuance of a final judgment in this proceeding.

## Background

The background of this dispute is contained in the Court's July 22, 2015, Memorandum Opinion. (ECF No. 101 at 3–14). Because the Court's factual findings have not been remanded, they are adopted, in full, for the purposes of this Memorandum Opinion.

On July 22, 2015, the Court awarded Appellees in this adversary proceeding a judgment against Appellants in the amount of $412,500.00, plus costs, as regular and exemplary damages caused by Appellants' fraud and fraudulent misrepresentations; this judgment was excepted from discharge in Appellants' bankruptcy case under 11 U.S.C § 523(a)(2)(A). (ECF No. 102). Appellants filed a notice of appeal to U.S. district court on August 5, 2015. (ECF No. 105). On September 26, 2016, the United States District Court for the Southern District of Texas ordered the proceeding remanded to the U.S. Bankruptcy Court for consideration of whether a bankruptcy court may issue a final judgment that liquidates a state law claim excepted from discharge in the underlying bankruptcy case. (ECF No. 112 at 1–2). On October 6, 2016, this Court ordered each party to file briefs addressing this issue of the Court's authority to enter a final judgment in this case. (ECF No. 116). Appellees and Appellants filed their briefs on November 2, 2016. (ECF No. 116).

## Analysis

At issue in this case is whether a bankruptcy court may issue a final judgment that liquidates a state law claim excepted from discharge in the underlying bankruptcy case. In order to issue such a judgment, the proceeding must be core; if it is a non-core proceeding, the Court may only issue a final judgment through the express or implied consent of the parties.

### *Core v. Non-Core Proceeding*

The United States District Court has "original and exclusive jurisdiction of all cases

under title 11." 28 U.S.C. § 1334(a). In addition, district courts have "original but not exclusive jurisdiction [over] all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(b). District courts may refer to bankruptcy courts "all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11." 28 U.S.C. § 157(a). The relevant core matter in this proceeding is § 157(b)(2)(I), "determinations as to the dischargeability of particular debts." 28 U.S.C. § 157(b)(2)(I).

Matters referred to a bankruptcy court are bifurcated into two categories: "core" and "non-core." 28 U.S.C. § 157(b). The bankruptcy court determines whether matters before it are core or non-core. *Exec. Benefits Ins. Agency v. Arkison*, 134 S.Ct. 2165, 2170 (2014). Section 157(b)(2) contains a non-exhaustive list of core proceedings. If a matter is core, the statute authorizes a bankruptcy judge to hear, determine, and enter final judgment on a claim. *Exec. Benefits Ins. Agency*, 134 S.Ct. at 2172. If a matter is non-core, and the parties have not consented to final adjudication by the bankruptcy court, the bankruptcy judge may only propose findings of fact and conclusions of law to the district court. *Id.*

A matter is core under 28 U.S.C. § 157 "if it invokes a substantive right provided by title 11 or if it is a proceeding that, by its nature, could arise only in the context of a bankruptcy case." *Wood v. Wood (In re Wood)*, 825 F.2d 90, 97 (5th Cir. 1987). The fact that a claim arises under state law is not dispositive, as "many truly bankruptcy issues, like the determination of the basis for creditors' claims, turn on state law." *Southmark Corp. v. Coopers & Lybrand*, 163 F.3d 925, 930 (5th Cir. 1999). Nevertheless, *In re Wood* cautioned against interpreting § 157(b) in a way that causes "the entire range of proceedings under bankruptcy jurisdiction [t]o fall within the

scope of core proceedings." 825 F.2d at 95. A claim based on state created rights, which could have proceeded in state court had there been no bankruptcy, is likely not core. *Id.* at 97.

Appellees assert that their state law fraud claims are core matters because they go directly to the issue of dischargeability of Gomez's bankruptcy claim under 28 U.S.C. § 523. (ECF No. 120 at 5–7). Additionally, Appellees cite case law supporting the notion that bankruptcy courts have the authority to enter a final judgment liquidating a state law claim excepted from the bankruptcy discharge. (ECF No. 120 at 8); *see In re Morrison*, 555 F.3d 473 (5th Cir. 2009); *In re Hart*, 564 Fed. App'x 773 (6th Cir. 2014). Accordingly, determinations affecting the scope of discharge necessarily arise in or under title 11. (ECF No. 120 at 6).

Appellants argue that Appellees' state law fraud claims are non-core matters because they are merely related to the bankruptcy and not created by the Bankruptcy Code. (ECF No. 121 at 3). Appellants claim that, under *Stern v. Marshall*, 564 U.S. 462 (2011), a bankruptcy court's core jurisdiction to determine dischargeability does not extend so far that it allows the court to liquidate state law causes of action into a money judgment. (ECF No. 121 at 4); *see also In re Morrison*, 555 F.3d at 479 ("Although determining that a debt is nondischargeable is plainly a 'core' proceeding governed by a specific provision of the Bankruptcy Code, the rendition of a monetary judgment in favor of the creditor on that debt is not itself a core proceeding."). Nevertheless, the Fifth Circuit determined that liquidation of the amount of the claim was within the Bankruptcy Court's authority. *In re Morrison*, 555 F.3d at 478 ("[W]e too conclude that jurisdiction existed to issue, if not necessarily later to enforce, the personal judgment against Morrison.").

Logic dictates the correctness of the Fifth Circuit's opinion. Most lawsuits, like this one, allege damages arising from various factual allegations asserting misconduct or other reasons why a defendant is liable. Some of the damages could arise from conduct giving rise to a non-dischargeable claim (e.g., certain fraudulent conduct) while other conduct (e.g., certain negligent conduct) could give rise to dischargeable claims. Because the bankruptcy court must relate the damages in a case to the conduct involved to determine dischargeability, the damages and liability conclusions are inseparable.

The Bankruptcy Court has subject matter jurisdiction and constitutional authority in this matter to finally determine a debtor's liability, as well as the amount of that liability, in connection with a dischargeability proceeding. Following the Supreme Court's decision in *Stern*, some bankruptcy courts questioned their jurisdiction to liquidate damages in dischargeability actions. *See, e.g.*, *Condon Oil v. Wood (In re Wood)*, 503 B.R. 705, 709–11, 2013 WL 4478902, *2–3 (Bankr. W.D. Wis. 2013) (holding that the bankruptcy court lacked the constitutional authority to enter a money judgment on a nondischargeable debt where the underlying debt was based on a claim arising under state law); *DeAngelis v. Antonelli (In re Antonelli)*, 2011 WL 5509494, *1 (Bankr. D.R.I. Nov. 10, 2011) (questioning the validity of *N.I.S. Corp. v. Hallahan (In re Hallahan)*, 936 F.2d 1496, 1508 (7th Cir. 1991), in light of *Stern*).

Each of the federal circuit courts to consider this issue prior to *Stern* concluded that bankruptcy courts have both subject matter jurisdiction and constitutional authority to liquidate state law claims in dischargeability actions. The Fifth Circuit reached this conclusion in *Morrison v. W. Builders of Amarillo, Inc. (In re Morrison)*, 555 F.3d 473, 478 n. 3 (5th Cir. 2009). Every other Circuit to have considered the matter reached a similar conclusion.

*See Johnson v. Riebesell (In re Riebesell)*, 586 F.3d 782, 793–94 (10th Cir. 2009); *Sasson v. Sokoloff, M.D. (In re Sasson)*, 424 F.3d 864, 868–69 (9th Cir. 2005) (holding that the liquidation of, and entry of a money judgment for, a debt claimed to be non-dischargeable falls within the bankruptcy courts' supplemental jurisdiction under 28 U.S.C. §§ 1334 & 1367); *Heckert v. Dotson (In re Heckert)*, 272 F.3d 253, 257 (4th Cir. 2001) ("Entry of such judgments has been allowed where there is an unliquidated claim that a party seeks to have determined in an adversarial dischargeability proceeding.") (citing *Cowen v. Kennedy (In re Kennedy)*, 108 F.3d 1015, 118 (9th Cir. 1997); *Longo v. McLaren*, 3 F.3d 958, 966 (6th Cir. 1993); *In re Hallahan*, 936 F.2d at 1508).

Each of the federal circuit courts to consider this issue **after** *Stern* also concluded that bankruptcy courts have both subject matter jurisdiction and constitutional authority to liquidate claims in dischargeability actions. *See In re Deitz*, 760 F.3d 1038, 1050 (9th Cir. 2014) ("[E]ven after *Stern*, the bankruptcy court had the constitutional authority to enter a final judgment determining both the amount of [the plaintiff's] damage claims against [the debtor], and determining that those claims were excepted from discharge."); *Hart v. S. Heritage Bank (In re Hart)*, 564 Fed. App'x 773 (6th Cir. 2014); *Cai v. Shenzhen Smart–In Industry Co., Ltd. (In re Cai)*, 571 Fed. App'x 580 (9th Cir. 2014); *Islamov v. Ungar (In re Ungar)*, 633 F.3d 675, 679 (8th Cir. 2011).

The Court has not been made aware of any binding post-*Stern* precedent in the Fifth Circuit discussing the effect of *Stern* on a bankruptcy court's constitutional authority to decide and enter a money judgment on state-law claims in the process of determining the "dischargeability of particular debts." *See* 28 U.S.C. § 157(b)(2)(I); *In re Cowin*, 538 B.R. 721,

730 (S.D. Tex. 2015). Nevertheless, there is no reason to question the conclusion reached in *Morrison*.

Under Fifth Circuit law, a subsequent decision by the Supreme Court does not overrule Fifth Circuit precedent unless the Supreme Court decision is wholly inconsistent with the Fifth Circuit's precedential opinion. *United States v. Torres*, 767 F.3d 426, 430 (5th Cir. 2014) ("It could be argued that *Johnson* was wrongly decided, but we must follow it until the Supreme Court, this court sitting *en banc*, or Congress says otherwise."). For example, in *Torres*, defendant Francisco Torres appealed a conviction in the United States District Court for the Western District of Texas for failing to update his registration as a sex offender under the Sex Offender Registration and Notification Act (SORNA). *Id.* at 427. "SORNA requires sex offenders to register with state-run sex-offender registries and to keep their registrations current. However, persons who were convicted of sex offenses before SORNA's enactment on July 27, 2006 are only required to comply with the statute's registration requirements if and when the Attorney General so specifies in a 'valid' regulation." *Id.* On appeal to the Fifth Circuit was the question of whether the Attorney General's "interim rule" of February 28, 2007, requiring pre-enactment sex offenders to comply with SORNA, was valid. The Fifth Circuit affirmed Torres's conviction, finding that its precedent bound it to accept the Attorney General's interim rule until the Supreme Court, the Fifth Circuit sitting *en banc*, or Congress specifically said otherwise. *Id.* at 430.

Although *Morrison* is an unpublished decision, this Court should and will give great weight to this Fifth Circuit decision. Absent a subsequent decision to the contrary, the Court will follow *Morrison*. Given the absence of binding Fifth Circuit post-*Stern* precedent regarding a bankruptcy court's authority to liquidate a non-dischargeable claim, as well as the weight of

federal circuit court case law supporting a bankruptcy court's authority, the Fifth Circuit case law clearly supporting the authority and jurisdiction of a bankruptcy court to declare a debt non-dischargeable, to the liquidate that debt, and enter a final judgment remains in effect. *See In re Morrison*, 555 F.3d 473, 480 (5th Cir. 2009) ("[W]e opt to follow the overwhelming authority and agree that the bankruptcy court had jurisdiction to enter judgment against Morrison for the debt owed to Western Builders after it found the debt nondischargeable."). In a dischargeability proceeding, a bankruptcy court is tasked with determining whether the circumstances for nondischargeability under § 523(a) are established, but must also necessarily determine the scope of the debtor's "liability on [the] claim" and the creditor's "right to payment." *In re Melton*, 2013 WL 2383657, at *2 (Bankr. N.D. Ga. May 20, 2013). "These determinations, contemplated by both § 523(a) and 28 U.S.C. § 157(b), place the existence and scope of the debtor's liability and the creditor's right to payment squarely within the bankruptcy court's core jurisdiction." *In re Wen Jing Huang*, 509 B.R. 742, 754 (Bankr. D. Mass. 2014).

Accordingly, the Court finds that a proceeding to liquidate a non-dischargeable state law claim is within the Court's authority. *In re Morrison*, 555 F.3d at 478–80. This authority "is 'not based on any right expressly created by title 11, but nevertheless, [that] would have no existence outside of the bankruptcy,' and therefore falls within this Court's subject matter jurisdiction as proceedings 'arising in' a case under title 11." *In re Dambowsky*, 526 B.R. 590, 601–02 (Bankr. M.D.N.C. 2015). Because the determination of the validity and amount of a nondischargeable debt are allowed by 11 U.S.C. § 523(a) and § 157(b)(2)(I), and are also directly intertwined with the determination of discharge, *Stern*'s limits on bankruptcy courts' jurisdiction are inapplicable in this proceeding. *See Deitz v. Ford (In re Deitz)*, 469 B.R. 11, 23–24 (9th Cir. BAP 2012); *In re Melton*, 2013 WL 2383657, at *2; *Farooqi v. Carroll (In re*

*Carroll)*, 464 B.R. 293, 309–313 (Bankr. N.D. Tex. 2011). Consequently, the Court may issue a final judgment liquidating Appellees' state law claims excepted from discharge.

***Express or Implied Consent***

For the purpose of completeness, the Court will also determine whether Appellants gave their express or implied consent to this Court's issuance of a final judgment in this proceeding. Even if the liquidation of a claim in a dischargeability proceeding is not a core proceeding in bankruptcy, a bankruptcy court may hear, determine, and enter final orders and judgments on this issue with the express or implied consent of all of the parties to the proceeding. 28 U.S.C. § 157(c)(2); *Wellness Int'l Network, Ltd. v. Sharif*, 135 S. Ct. 1932, 1948 (2015).

Parties' consent to the issuance of a final judgment by a bankruptcy court may be express or implied. In *Wellness*, the Supreme Court found that "nothing in the Constitution requires that consent to adjudication by a bankruptcy court be express. Nor does the relevant statute, 28 U.S.C. § 157, mandate express consent." *Wellness*, 135 S. Ct. at 1947–48. However, the Supreme Court stated that "a litigant's consent—whether express or implied—must still be knowing and voluntary." *Id.* at 1948. The key inquiry that the bankruptcy court must make is whether "the litigant or counsel was made aware of the need for consent and the right to refuse it, and still voluntarily appeared to try the case" before the bankruptcy court. *Roell*, 538 U.S. at 590. This standard reflects multiple "pragmatic virtues," including the increasing of judicial efficiency, the limiting of gamesmanship amongst the parties involved in the proceeding, and the honoring of the Article III right to have claims decided before judges free from potential domination by other branches of government. *Wellness*, 135 S. Ct. at 1948; *Roell*, 538 U.S. at 590–91. Passive and unwitting participation is not sufficient to find consent. *In re Pringle*, 495 B.R. 447, 461 (B.A.P. 9th Cir. 2013). Overall, a determination of whether a party consented to

the bankruptcy court's jurisdiction requires "a deeply factbound analysis of the procedural history" in the proceeding.[1]  *Wellness*, 135 S. Ct. at 1949; *In re Empire Land, LLC v. Empire Partners, Inc.*, 2016 WL 5890062, at *2 (C.D. Cal. Oct. 7, 2016).

Appellees contend that Appellants impliedly consented to this Court's jurisdiction over Appellees' state law fraud claims and thus waived their right to object to the issuance of a final judgment by this Court. (ECF No. 120 at 10). First, Appellees argue that appellants waived any objection to consent because they raised the issue for the first time on appeal. (ECF No. 120 at 10). None of the parties within this adversary proceeding, including Appellants, ever objected to the Court's final adjudication of Appellees' claims prior to appeal. (ECF No. 120 at 10). Second, Appellants were not "passive and unwitting" participants during the underlying actions of this proceeding. (ECF No. 120 at 11). Instead, Saenz was represented by lawyers who are bankruptcy experts. (ECF No. 120 at 11). Accordingly, Appellees argue that Appellants were aware of the implied consent rules. (ECF No. 120 at 11).

Third, Appellees contend that Appellants committed litigation misconduct and "sandbagging" by refuting their implied consent to this Court's issuance of a final judgment. (ECF No. 120 at 11). Appellees assert that Appellants recognized and consented to this Court's jurisdiction by seeking affirmative relief from this Court with the filing of FED. R. CIV. P. 12(b)(6) motions on four separate grounds, and by proceeding to trial on the merits of its arguments. (ECF No. 120 at 12). However, having lost its case at trial, Appellants "cried foul" over this Court's entry of a final judgment for the first time on appeal in spite of prior opportunities to raise such an objection. (ECF No. 120 at 12–13). In Appellees' eyes,

---

[1] Although it laid out the standard for the finding of implied consent, the Supreme Court declined to enter a factbound analysis in *Wellness* because its "resolution of the consent question—unlike the antecedent constitutional question—would provide little guidance to litigants or the lower courts." *Wellness*, 135 S. Ct. at 1949. Accordingly, the Supreme Court remanded the case to the Seventh Circuit to decide whether the requisite knowing and voluntary consent was present for a final adjudication by the bankruptcy court. *Id.*

Appellants "cannot assert a right [they] never thought to pursue when [they] still believed [they] may win." *In re Bellingham Ins. Agency, Inc.*, 702 F.3d 553, 570 (9th Cir. 2012), *aff'd sub nom. Exec. Benefits Ins. Agency v. Arkison*, 134 S. Ct. 2165 (2014).

Appellants contend that they neither expressly nor impliedly consented to this Court's entry of a final judgment in the case at bar. First, Appellants assert that they never expressly consented to this Court's entry of a final judgment on Appellees' state law claims. (ECF No. 121 at 12). Appellant's point to the lack of any such consent within the Court's records as proof of this assertion. (ECF No. 121 at 12). Second, Appellants assert that they did not impliedly consent to this Court's entry of a final judgment because they merely participated in the action through their defense. (ECF No. 121 at 13). Although they filed Rule 12(b)(6) motions to dismiss, in addition to a FED. R. CIV. P. 12(b)(1) motion to dismiss, Appellants argue that these actions did not amount to affirmative consent for issuance of a final judgment but instead merely sought dismissal of the case; such action did not rise to more than mere participation in the proceeding. (ECF No. 121 at 13–15); 135 S. Ct. 1932, 1948 (2015). Absent a more active and affirmative participation, Appellants' passive participation in this action was equally consistent with consenting to a non-final disposition and thus did not meet the standard conceived within *Wellness* and *Roell*. *See True Traditions, LC v. Wu*, 552 B.R. 826, 839 (N.D. Cal. 2015), *appeal dismissed* (Aug. 29, 2016) (drawing the distinction between an affirmative action illustrating implied consent and mere passive participation in a proceeding); *see also Wellness Int'l Network, Ltd. v. Sharif*, 135 S. Ct. 1932, 1948 (2015) (discussing the requirements for a court's finding of implied consent to the entrance of a final judgment by a bankruptcy court on a non-core issue); *Roell v. Withrow*, 538 U.S. 580, 590 (2003).

It is undisputed that the Appellants did not expressly consent to the Court's authority to enter a final judgment on Appellees' state law claims.  Nevertheless, the Appellants joined in a pre-trial statement in which they listed no jurisdictional issues.  (*See* ECF No. 80) (listing no jurisdictional issues in this proceeding that were filed before trial).  However, this pre-trial statement may be an implied consent, but it is not an express consent.

After a full review of the proceedings, the Court concludes that Appellants impliedly consented to the Court's authority to enter a final judgment on Appellees' state law claims.  Regardless of whether Appellants' motions to dismiss constituted the affirmative action necessary under *Wellness* and *Roell* for implied consent, Appellants maintained the proceeding in this Court through trial without raising any issues of consent to a final judgment on Appellees' claims.  (ECF No. 120 at 10).  As set forth above, the Appellants joined in a pre-trial statement without mentioning the issue.  Because Appellants were represented by experienced bankruptcy counsel, they should have been aware of the right and need to refuse consent to a final judgment before trial.  *See Richer v. Morehead*, 798 F.3d 487, 490 (7th Cir. 2015)  ("The parties' consent was implicit, but implied consent is good enough . . . at least when as in this case the parties are sophisticated businessmen represented by counsel who can be presumed to be aware of their clients' legal rights.").

Additionally, Appellants appeared to voluntarily try the matter before this Court by continuing to participate in the proceeding without any express refusal of consent through trial after its motions to dismiss were ruled upon on January 26, 2015.  (ECF No. 120 at 12).  Appellants' "knowing failure to object and purposeful participation in the bankruptcy court proceeding" demonstrates their consent to this Court's jurisdiction.  *In re Empire Land, LLC v. Empire Partners, Inc.*, 2016 WL 5890062, at *2 (C.D. Cal. Oct. 7, 2016).   Appellants

consequently forfeited any objection they had to this Court's adjudication of Appellees' state law claims, thus promoting judicial efficiency and limiting gamesmanship amongst the parties. *Richer*, 798 F.3d at 490. Accordingly, the Court finds that Appellants impliedly consented to the Court's issuance of a final judgment liquidating a state law claim excepted from the bankruptcy discharge.

## Conclusion

Consistent with the District Court's remand order, the Court now supplements its July 22, 2015, Memorandum Opinion (ECF #101) with this Memorandum Opinion Following Limited Remand.

SIGNED **December 19, 2016.**

———————————————————
Marvin Isgur
UNITED STATES BANKRUPTCY JUDGE